## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC WATERMAN, | : |
|         Plaintiff, | : Case No. _____ |
| v. | : JURY TRIAL DEMANDED |
| EXTERRAN CORP., MARK R. SOTIR, ANDREW J. WAY, WILLIAM M. GOODYEAR, JAMES C. GOUIN, JOHN P. RYAN, CHRISTOPHER T. SEAVER, HATEM SOLIMAN, and IEDA GOMES YELL, | : COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 |
|         Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On January 24, 2022, Exterran Corporation ("Exterran" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Enerflex Ltd. ("Enerflex") and Enerflex US Holdings Inc. ("Merger Sub") (the "Proposed Merger").

2. On March 18, 2022, defendants filed a S-4 Registration Statement (the "Registration Statement") with the U.S. Securities and Exchange Commission (the "SEC").

3. As alleged herein, the Registration Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the claims asserted herein pursuant to Section 27

of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

5. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6. Venue is proper under 15 U.S.C. § 78aa because the Registration Statement, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

7. Plaintiff is and has been continuously throughout all relevant times the owner of Exterran common stock. Plaintiff resides in this District.

8. Defendant Exterran is a Delaware corporation. Exterran's common stock is traded on the New York Stock Exchange under the ticker symbol "EXTN."

9. Defendant Mark R. Sotir is Chairperson of the Board of Directors of Exterran (the "Board").

10. Defendant Andrew J. Way is President, Chief Executive Officer, and a member of the Board.

11. Defendant William M. Goodyear is a member of the Board.

12. Defendant James C. Gouin is a member of the Board.

13. Defendant John P. Ryan is a member of the Board.

14. Defendant Christopher T. Seaver is a member of the Board.

15. Defendant Hatem Soliman is a member of the Board.

16. Defendant Ieda Gomes Yell is a member of the Board.

17. Defendants identified in ¶¶ 9-16 are referred to herein as the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

18. Exterran is a global systems and process company offering solutions in the oil, gas, water, and power markets. The Company is a leader in natural gas processing and treatment and compression products and services, providing critical midstream infrastructure solutions to customers throughout the world.

19. On January 24, 2022, Exterran's Board caused the Company to enter into the Merger Agreement.

20. The press release announcing the Proposed Merger provides as follows:

Enerflex Ltd. ("Enerflex" or the "Company") (TSX: EFX) and Exterran Corporation ("Exterran") (NYSE:EXTN) today announced a business combination (the "Transaction") to create a premier integrated global provider of energy infrastructure. The company will operate as Enerflex Ltd. and will remain headquartered in Calgary, Alberta, Canada. Through greater scale and efficiencies, the transaction will strengthen Enerflex's ability to serve customers in key natural gas, water, and energy transition markets, while enhancing shareholder value through sustainable improvements in profitability and cash flow generation.

The companies will combine in an all-share transaction pursuant to which Enerflex will acquire all of the outstanding common stock of Exterran on the basis of 1.021 Enerflex common shares for each outstanding share of common stock of Exterran, resulting in approximately 124 million Enerflex common shares outstanding upon closing, representing an implied combined enterprise value of approximately US$1.5 billion. The transaction value for Exterran is approximately US$735 million, which represents an 18% premium to Exterran's enterprise value as at January 21, 2022. The transaction value paid for Exterran implies an EV/2022E Adjusted EBITDA of 3.6x and Price/2022E Cash Flow of 1.9x, including synergies, respectively. Upon closing of the Transaction, Enerflex and Exterran shareholders will respectively own approximately 72.5% and 27.5% of the total Enerflex common shares outstanding. Enerflex will continue to trade on the Toronto Stock Exchange ("TSX") and intends to apply to either the New York

Stock Exchange (the "NYSE") or the NASDAQ exchange ("NASDAQ") for the listing of Enerflex common shares to be effective upon Transaction close.

"This is an exciting day in the history of our companies. The Transaction is immediately accretive to shareholders; enhances our presence, offerings, and scale across our regions; and importantly, executes upon our years-long strategic goal of increasing recurring revenues to improve the profitability and resiliency of our platform," said Marc Rossiter, Enerflex's President and Chief Executive Officer. "Enerflex and Exterran each have a long history of global expertise in the delivery of modular energy solutions. Together, we are more efficient and better positioned in global capital markets. The Transaction will improve our ability to partner with an expanded set of customers to solve their growing energy infrastructure challenges with integrity, creativity, commitment, and success."

"We are excited about the ability to create shareholder value through this Transaction and improving our product and service offering. The scale and efficiencies this combination brings is the right path for Exterran and brings significant opportunities for accelerated growth in produced water treatment and energy transition products and services," said Andrew Way, President and Chief Executive Officer of Exterran.

**Strategic Rationale**

**Creates a Premier Integrated Global Provider of Energy Infrastructure:**

Highly complementary product lines, geographies, and asset bases provide enhanced scale, efficiencies, and expanded offerings for customers.

The pro forma geographic exposure will be well-balanced with approximately 25-35% of revenues from each of North America, the Middle East, and Latin America.

**Accelerates Growth of Gross Margin from Recurring Segments:**

Combination significantly accelerates the generation of predictable, recurring gross margin from energy infrastructure and after-market services platforms.

Over 70% of the combined entity's gross margin will derive from recurring sources, strengthening its margin profile and reducing cyclicality.

**Improved Operational Efficiencies:**

Expect to realize at least US$40 million of annual run-rate synergies within 12 to 18 months after closing through overhead savings and operating efficiencies.

**Accretive to Shareholders:**

Expected to approximately double Adjusted EBITDA and be over 50% accretive to cash flow per share and approximately 50% accretive to earnings per share (subject to purchase price allocation to be determined upon closing), for Enerflex shareholders.

Enhanced scale with pro forma 2023E Adjusted EBITDA of US$360 million to 400 million, inclusive of synergies.

Meaningful excess free cash flow beginning in 2023 that supports debt reduction, shareholder returns, and continued growth.

After close, Enerflex expects to maintain its quarterly dividend of CAD$0.025 per common share.

**Transaction Benefits From a Long-Term, Stable Capital Structure:**

The combined entity will benefit from a capital structure that provides ample liquidity.

In conjunction with the Transaction, Enerflex has entered into a binding agreement with the Royal Bank of Canada to provide Enerflex with a fully committed financing consisting of a US$600 million 3-year revolving credit facility and a US$925 million 5-year bridge loan facility. The bridge loan will provide financing to backstop an anticipated issuance of new debt securities prior to closing of the Transaction. The committed financing is sufficient to fully repay existing Enerflex and Exterran notes and revolving credit facilities and support putting in place a new capital structure, provide for capital expenditures and other ordinary course capital needs, and provide significant liquidity for the pro forma business.

The new revolving credit facility will be subject to a bank-adjusted total net debt to EBITDA covenant of 4.5x, stepping down to 4.0x by the fourth quarter of 2023.

> Enerflex targets a bank-adjusted net debt to EBITDA ratio of 2.5x—3.0x within 12 to 18 months of closing.
>
> Following capital project commitments in 2022, the combined entity's capital allocation in 2023 onwards will prioritize: (i) balance sheet strength; (ii) sustainable shareholder returns; and (iii) disciplined growth focused on full-cycle earnings.

**Commitment to Sustainability:**

> Aligns strong cultures emphasizing the health and safety of our global workforce and corporate citizenship.

Global coverage enhances the ability to deliver sustainable natural gas, water, and energy transition solutions, including carbon capture utilization and sequestration, biofuels (including renewable natural gas), produced water reuse and recycling, and electrification.

**Governance and Leadership**

One Exterran director will be appointed to Enerflex's Board of Directors at closing. Mr. Marc Rossiter will continue to serve as Enerflex's President and Chief Executive Officer and a member of the Board of Directors of Enerflex and will oversee all aspects of integration. Mr. Sanjay Bishnoi will continue to serve as Enerflex's Chief Financial Officer. Enerflex's Executive Management Team will continue to serve in their current roles.

**Timing and Approvals**

The Transaction is expected to close in the second or third quarter of 2022, subject to, among other things: the approval of the Transaction by Exterran stockholders; the approval by Enerflex shareholders of the issuance of Enerflex common shares pursuant to TSX requirements in connection with the Transaction; regulatory approvals; and other customary closing conditions, including those of the TSX and the NYSE or NASDAQ, as applicable.

Copies of the Transaction agreement and related materials will be filed by Enerflex with the Canadian securities regulators and will be available for viewing under Enerflex's profile on www.sedar.com. Enerflex shareholders are urged to read the information circular once available as it will contain important information concerning the Transaction.

**Support for the Transaction**

The Boards of Directors of Enerflex and Exterran have each unanimously approved the Transaction and recommend that their respective shareholders vote in favour of the Transaction.

All of the funds managed by Chai Trust Company, LLC that own common stock of Exterran and all of Exterran's directors and officers have entered into voting agreements with Enerflex pursuant to which they have agreed to vote their respective shares in favour of the Transaction at the meeting of Exterran shareholders.

All of the directors and officers of Enerflex have entered into voting agreements with Exterran pursuant to which they have agreed to vote their respective Enerflex common shares in favour of the issuance of Enerflex common shares pursuant to the Transaction at the meeting of Enerflex shareholders.

**Advisors**

RBC Capital Markets is acting as exclusive financial advisor to Enerflex and has provided an opinion to Enerflex's Board of Directors to the effect that the consideration to be paid under the Transaction is fair, from a financial point of view, to Enerflex and is subject to the assumptions made as well as the limitations and qualifications, which will be included in the written opinion of RBC Capital Markets.

Norton Rose Fulbright US LLP and Norton Rose Fulbright Canada LLP (transaction counsel) and Davies Ward Phillips & Vineberg LLP and Cravath, Swaine & Moore LLP (financing counsel) are acting as Enerflex's legal advisors.

TD Securities and Scotia Capital acted as strategic advisors to Enerflex.

Wells Fargo Securities, LLC is acting as exclusive financial advisor to Exterran.

King & Spalding LLP and McCarthy Tétrault LLP are acting as Exterran's legal advisor.

21.     On March 18, 2022, defendants filed the Registration Statement, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

22.     The Registration Statement fails to disclose material information regarding Exterran's and Enerflex's financial projections, specifically: the line items underlying the financial projections.

23.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

7

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

24. The Registration Statement fails to disclose material information regarding the financial analyses conducted by Wells Fargo. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

25. Regarding Wells Fargo's Exterran Selected Public Companies Analysis, the Registration Statement fails to disclose the individual multiples for the companies utilized by Wells Fargo.

26. Regarding Wells Fargo's Exterran Selected Precedent Transactions Analysis, the Registration Statement fails to disclose the individual multiples for the transactions utilized by Wells Fargo.

27. Regarding Wells Fargo's Exterran Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the terminal values utilized by Wells Fargo; and (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Wells Fargo.

28. Regarding Wells Fargo's Enerflex Selected Public Companies Analysis, the Registration Statement fails to disclose the individual multiples for the companies utilized by Wells Fargo.

29. Regarding Wells Fargo's Enerflex Selected Precedent Transactions Analysis, the Registration Statement fails to disclose the individual multiples for the transactions utilized by Wells Fargo.

30. Regarding Wells Fargo's Enerflex Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the terminal values utilized by Wells Fargo; and (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Wells Fargo.

## COUNT I

**Claim Against the Individual Defendants and Exterran for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

31. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

32. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

33. Exterran is liable as the issuer of these statements.

34. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

35. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

37. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

38. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Merger.

39. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

40. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

41. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of Exterran within the meaning of Section 20(a) of the Exchange Act as alleged herein.

43. Due to their positions as officers and/or directors of Exterran and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

46. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Registration Statement.

47. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

48. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

49. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

50. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: April 18, 2022       **GRABAR LAW OFFICE**

              By: _/s/ Joshua H. Grabar_
                Joshua H. Grabar (#82525)
                One Liberty Place
                1650 Market Street, Suite 3600
                Philadelphia, PA 19103
                267-507-6085
                jgrabar@grabarlaw.com

                *Counsel for Plaintiff*